IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| UNITED STATES OF AMERICA | **I N D I C T M E N T** |
|---|---|
| v. | Case No. _____ |
| JOSEPH PAUL MYERS JR.;<br>ROBERT JON RATKA;<br>MELANIE ANN QUICK; and<br>MARY ROSE THOMPSON | Violations: 21 U.S.C. §§ 846 and 853 |

**Conspiracy to Possess with Intent to Distribute and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about January 2019 and continuously until the date of this Indictment, in the Districts of North Dakota, Minnesota, and elsewhere,

JOSEPH PAUL MYERS JR.;
ROBERT JON RATKA;
MELANIE ANN QUICK; and
MARY ROSE THOMPSON

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, and a mixture and substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, within the states of North Dakota, Minnesota, and elsewhere;

2. It was further a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, within the state of Minnesota, and elsewhere;

3. It was further a part of said conspiracy that the defendants and others would and did use violence and the threat of violence to ensure payment and to attempt to conceal their activities;

4. It was further a part of said conspiracy that the defendants and others would and did use telecommunication facilities, including various smart phone applications, in an effort to hide illicit communications from law enforcement;

5. It was further a part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

6. On September 15, 2021, co-conspirators distributed approximately 28 grams (1 ounce) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

7. On September 21, 2021, co-conspirators distributed approximately 14 grams (1/2 ounce) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

8. On September 28, 2021, co-conspirators distributed approximately 113 grams (4 ounces) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Fargo, North Dakota;

9. On October 7, 2021, co-conspirators possessed approximately 453 grams (1 pound) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Fargo, North Dakota;

10. On October 20, 2021, co-conspirators possessed approximately 453 grams (1 pound) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Alexandria, Minnesota; and

11. On October 21, 2021, co-conspirators possessed approximately 2,265 grams (5 pounds) of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, with the intent to distribute in Melrose, Minnesota;

In violation of Title 21, United States Code, Section 846; <u>Pinkerton v. United States</u>, 328 U.S. 640 (1946).

FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

Upon the conviction of any of the offense(s) alleged in this Indictment,

> JOSEPH PAUL MYERS JR.;
> ROBERT JON RATKA;
> MELANIE ANN QUICK; and
> MARY ROSE THOMPSON

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any of the property constituting or derived from proceeds obtained, directly or indirectly as a result of the violations of Title 21, United States Code, Sections 841 and 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violation, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses, including, but not limited to:

- $3,036 in United States currency; and
- $16,175 in United States currency.

If any of the forfeitable property as a result of any act or omission of the defendant(s):

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property;

All in accordance with Title 21, United States Code, Section 853.

A TRUE BILL:

/s/ Foreperson
Foreperson

/s/ Nicholas W. Chase
NICHOLAS W. CHASE
United States Attorney

CCM:ld